FILED

MAY 23 2005

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| GARY BLACK BEAR, | * | CIV 05-3009 |
| Petitioner, | * | |
| -vs- | * | ORDER AND OPINION |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner was convicted of two counts of assault with a dangerous weapon and one count of assault resulting in serious bodily injury. On May 10, 2001, he was sentenced to concurrent sentences of 84 months imprisonment. He appealed and, on January 17, 2002, the United States Court of Appeals for the Eighth Circuit affirmed. On March 25, 2005, petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 based upon Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) (other than a prior conviction, facts used to enhance a sentence must either be admitted to by the defendant or submitted to the jury and found beyond a reasonable doubt), and the recent decisions of the United States Supreme Court in Blakely v. Washington, 124 S.Ct. 2531 (2004) (the Apprendi rule applies to a Washington determinate sentencing guidelines scheme), and United States v. Booker, 125 S.Ct. 738 (2005) (the Apprendi rule applies to the Federal Sentencing Guidelines). He has also filed a motion for the appointment of counsel.

Petitioner's motion was filed beyond the one year period of limitations set forth in 28 U.S.C. § 2255. Petitioner's motion was filed within a year of the Supreme Court's decisions in Blakely and Booker. 28 U.S.C. § 2255 provides, in part, that the "limitation period shall run from the latest of . . . (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Blakely's application of the Apprendi rule

to a state determinate guidelines sentencing scheme and Booker's application of that rule to the Federal Sentencing Guidelines announced a new rule of criminal procedure. Indeed, the Eighth Circuit had ruled prior to Blakely that Apprendi did not prevent the district court from making factual findings which would increase the range of imprisonment determined under the Federal Sentencing Guidelines so long as the sentence imposed did not exceed the statutory maximum penalty. United States v. Miller, 295 F.3d 824, 827-28 (8th Cir. 2002).

The Supreme Court has not made Blakely or Booker retroactive to cases on collateral review. Absent a declaration of retroactivity by the Supreme Court, this Court must determine whether Blakely and Booker extend the period of limitations set forth in § 2255 by applying the test explained in Teague v. Lane, 489 U.S. 288, 305-10, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Under the Supreme Court's retroactivity analysis as set forth in Teague v. Lane, federal habeas corpus petitioners may not avail themselves of new rules of criminal procedure, with two narrow exceptions. The first exception is "that a new rule should be applied retroactively if it places 'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe.'" Teague v. Lane, 489 U.S. at 311, 109 S.Ct. 1060, 1075. That exception is not relevant in the context of Apprendi, Blakely, or Booker. The second exception is "that a new rule should be applied retroactively if it requires the observance of 'those procedures that . . . are "implicit in the concept of ordered liberty,"'" Teague v. Lane, 489 U.S. at 311, 109 S.Ct. at 1076. The Teague court noted that "such procedures would be so central to an accurate determination of innocence or guilt, we believe it unlikely that many such components of basic due process have yet to emerge." Teague v. Lane, 489 U.S. at 313, 109 S.Ct. at 1077.

The second exception to non-retroactivity set forth in Teague v. Lane does not apply here. The second Teague exception

> "is clearly meant to apply only to a small core of rules requiring observance of those procedures that . . . are implicit in the concept of ordered liberty." And, because any qualifying rule "would be so central to an accurate determination of innocence or guilt [it is] unlikely that many such components of basic due process have yet to emerge.

2

Beard v. Banks, 124 S.Ct. 2504, 2513 (2004). The rule announced in Apprendi, made applicable to the Federal Sentencing Guidelines by Booker (as forecast by Blakely), that facts used to enhance a sentence must be either admitted to by the defendant or found by a jury beyond a reasonable doubt, does not qualify as a rule "so central to an accurate determination of innocence or guilt." Indeed, at the time of sentencing, guilt had already been established.

The non-retroactive application of Booker and Blakely is further supported by the fact that Apprendi itself, upon which Blakely and Booker rest, has not been applied retroactively. United States v. Moss, 252 F.3d 993, 998 (8th Cir.2001) ("we do not believe *Apprendi* 's rule recharacterizing certain facts as offense elements that were previously thought to be sentencing factors resides anywhere near that central core of fundamental rules that are absolutely necessary to insure a fair trial").

The Supreme Court specifically stated in Booker that its holdings apply "to all cases on direct review. Booker, 125 S.Ct. at 769. This statement is evidence that the Supreme Court does not intend for its holdings in Booker to apply retroactively to cases on collateral review.

Neither Blakely nor Booker have been found to be retroactive on collateral review to cases that were final when they were decided. Several other courts have also held that Booker and Blakely are not retroactive on collateral review. Cirilo-Munoz v. United States, 404 F.3d 527, 533 (1st Cir.2005), Humphress v. United States, 398 F.3d 855, 862-63 (6th Cir. 2005), McReynolds v. United States, 397 F.3d 479, 480-81 (7th Cir. 2005), and Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005).

Petitioner's claims relating to the application of the Federal Sentencing Guidelines are untimely. Petitioner also claims in his motion to vacate that he was denied the effective assistance of counsel in that trial counsel failed to object to the Court's omission of intent from the charging jury instruction for Count I, assault with a dangerous weapon, and failed to object to the prosecutor's usage of peremptory challenges to remove three Native American jurors. Those claims are also untimely, having been raised over three years after his appeal became final.

It plainly appears from the face of the motion that the petitioner is not entitled to relief. Summary dismissal is therefore appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Now, therefore,

IT IS ORDERED that petitioner's motion to vacate, set aside, or correct sentence is denied. The motion (Doc. 2) for appointment of counsel is denied as moot.

Dated this 23rd day of May, 2005.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST
JOSEPH HAAS, CLERK
BY Barbara J. Poephe
    Deputy
(SEAL)