FILED

SEP 2 6 2005

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| GARY BLACK BEAR, | * | CIV 05-3009 |
| Petitioner, | * | |
| -vs- | * | ORDER AND OPINION |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 based upon Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), Blakely v. Washington, 124 S.Ct. 2531 (2004), and United States v. Booker, 125 S.Ct. 738 (2005). I dismissed the motion upon initial review, finding that (1) his ineffective assistance of counsel claims were filed beyond the one year period of limitations and (2) his Booker claim is not cognizable because his conviction was final prior to the issuance of the Booker decision. The order was entered on May 23, 2005, and the judgment was entered on June 3, 2005. Petitioner has filed a motion (Doc. 8) to submit an untimely notice of appeal.

The time for filing a notice of appeal in a civil case is governed by Fed. R. App. P. 4(a), which provides, in relevant part:

> (1) Time for Filing a Notice of Appeal.
> (B) When the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered.

Fed. R. App. P. 4(a)(1)(B). Rule 4(a) further provides:

> (5) (A) The district court may extend the time to file a notice of appeal if:
> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A). The time within which to file an appeal expired on August 2, 2005. The time within which to seek an extension of time to file an appeal expired September 1, 2005. This Court has no jurisdiction to extend the time to appeal under Rule 5.

Petitioner contends that he did not receive timely notice of the entry of the judgment. Fed. R. App. P. 4(a)(6) provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen in entered, but only if all the following conditions are satisfied:
>
>> (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;
>>
>> (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and
>>
>> (C) the court finds that no party would be prejudiced.

Petitioner qualifies for a reopening of the time to file an appeal under Fed. R. App. P. 4(a)(6).

Now, therefore,

IT IS ORDERED that petitioner's motion (Doc. 8) to file an untimely appeal is granted. The Clerk shall docket his motion as a notice of appeal.

Dated this 26th day of September, 2005.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge

ATTEST
JOSEPH HAAS, CLERK

BY *Barbara J. Paepke*
   Deputy
(SEAL)

2